**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**CAMERON AUDLEY DAWSON,**

**Plaintiff,**

**v.** **Case No. 3:26-cv-00493**

**WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION, WESTERN REGIONAL JAIL AND CORRECTIONAL FACILITY, JOHN DOE CORRECTIONAL OFFICERS 1-10, JANE DOE CORRECTIONAL OFFICERS 1-5, *and other individuals whose identities are presently unknown*,**

**Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Plaintiff Cameron Audley Dawson's *pro se* Complaint for Violation of Civil Rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that this action be **DISMISSED**, without prejudice, for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

## I. **Relevant History**

When Plaintiff filed the instant Complaint on August 5, 2026, he neither paid the applicable filing fee nor filed an Application to Proceed Without Prepayment of Fees and Costs in this action. However, on the same date that Plaintiff initiated this action, he also filed a separate civil action in which he sought leave to proceed without prepayment of fees and costs. *Dawson v. City of Huntington, West Virginia*, No. 3:26-cv-00492, ECF No. 1 (S.D.W. Va. Aug. 5, 2026) (hereinafter "*City of Huntington*"). In *City of Huntington*, after the Court denied Plaintiff's initial request without prejudice because he had not submitted the required application, Plaintiff filed a completed Application to Proceed Without Prepayment of Fees and Costs. *City of Huntington*, No. 3:26-cv-00492, ECF Nos. 5, 6. The Court granted that application on August 20, 2026. *City of Huntington*, No. 3:26-cv-00492, ECF No. 7.

In light of the application filed in *City of Huntington*, the Court did not require Plaintiff to submit another application in this action. Instead, the Court ordered Plaintiff to either pay the applicable filing fee or notify the Court in writing that he wished to proceed without prepayment of fees and costs on or before September 8, 2026. (ECF No. 4 at 1–2). The Court further advised Plaintiff that, if he elected to proceed without prepayment of fees and costs, it would consider the financial information contained in the application filed in *City of Huntington*, Case No. 3:26-cv-00492, unless Plaintiff advised that his financial circumstances had changed. (*Id.* at 2). Plaintiff was notified that failure to comply could result in a recommendation that this action be dismissed for failure to prosecute. (*Id.*).

Plaintiff did not comply with the Order and has not otherwise communicated with the Court in this action.

## II. Discussion

Federal courts possess the inherent authority to dismiss an action for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). Federal Rule of Civil Procedure 41(b) likewise permits dismissal when a plaintiff fails to prosecute an action or comply with the Federal Rules of Civil Procedure or a court order. Although Rule 41(b) expressly addresses dismissal upon a defendant's motion, the rule does not abrogate a district court's inherent authority to dismiss an action *sua sponte*. *Id.* at 630–32.

The appropriateness of an involuntary dismissal depends on the circumstances of the particular case. *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019). In determining whether dismissal is warranted, courts consider: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of a drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Id.* These factors "are not a rigid four-prong test," and the propriety of dismissal ultimately depends upon the facts of each case. *Id.* An express warning regarding the consequences of noncompliance is also a significant consideration. *See Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989).

Having considered the circumstances of this case, the undersigned **FINDS** that dismissal is warranted. Plaintiff is proceeding *pro se* and is personally responsible for complying with the Court's directives. The Court's August 25, 2026, Order provided Plaintiff with a clear deadline and straightforward options for proceeding with this action. Indeed, Plaintiff was not required to submit another application to proceed without prepayment of fees and costs. Having already submitted a completed application in Case No. 3:26-cv-00492, Plaintiff needed only to notify the Court that he wished to proceed without prepayment of fees and costs in this action, and the Court would consider the

financial information previously provided unless Plaintiff indicated that his circumstances had changed. (ECF No. 4 at 1–2). Plaintiff nevertheless failed to respond.

Plaintiff's present failure to comply with the Court's Order is also not his first such failure in this Court. In an earlier action against the City, *Dawson v. City of Huntington, West Virginia*, Case No. 3:26-cv-00280, Plaintiff similarly failed to comply with an order directing him to either pay the filing fee or submit an application to proceed without prepayment of fees and costs. After Plaintiff failed to respond, the Magistrate Judge recommended dismissal for failure to prosecute and comply with a court order. The presiding District Judge adopted that recommendation and dismissed the action without prejudice on June 29, 2026. *See Dawson v. City of Huntington, West Virginia*, No. 3:26-cv-00280, ECF Nos. 4, 5.

Although the prejudice to Defendants from the present delay is limited at this early stage of the litigation, the remaining circumstances favor dismissal. Plaintiff is personally responsible for prosecuting this action and complying with the Court's directives. He was expressly advised of the action necessary to proceed and of the potential consequence of failing to comply, yet he failed to respond. Moreover, Plaintiff's prior dismissal for substantially similar noncompliance demonstrates that his present failure is not an isolated occurrence and that providing another opportunity to comply is unlikely to be effective. Under these circumstances, dismissal without prejudice is appropriate.

The reason for Plaintiff's failure to comply is unknown. Accordingly, dismissal without prejudice appropriately balances the Court's need to manage its docket and enforce its orders with the possibility that Plaintiff's failure to respond is attributable to circumstances that might excuse his noncompliance.

## III. Proposal and Recommendations

For the reasons stated above, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that this action be **DISMISSED**, without prejudice, and removed from the docket of the Court.

Plaintiff is further **CAUTIONED** that continued failure to comply with the Court's orders in this or other actions may result in the imposition of appropriate sanctions or restrictions on future filings after notice and an opportunity to be heard.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen days from the date of filing of this "Proposed Findings and Recommendations," plus three days if served by mail, within which to file with the Clerk of this Court specific written objections identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and the undersigned.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to mail a copy of the same to Plaintiff.

**ENTERED:** September 15, 2026

Omar J. Aboulhosn
United States Magistrate Judge